Thomas M. Frieder, Esq. (State Bar No. 95411)
tmf@hassard.com
Joanna L. Storey, Esq. (State Bar No. 214952)
jls@hassard.com
HASSARD BONNINGTON LLP
275 Battery Street, Suite 1600
San Francisco, CA 94111
Telephone: (415) 288-9800
Fax: (415) 288-9801

Jennifer Snyder Heis (admitted *pro hac vice*)
jheis@ulmer.com
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio  45202-2409
Telephone:  (513) 698-5000
Fax:  (513) 698-5001

Attorney for Defendant
FOREST LABORATORIES, INC. (n/k/a FOREST LABORATORIES, LLC)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA WENKE,                                ) | Case No:  5:14-cv-01898-EJD |
| ) | |
| Plaintiff,                      ) | DEFENDANT'S NOTICE OF MOTION |
| ) | AND MOTION TO STAY PENDING |
| v.                                                        ) | OUTCOME OF CRIMINAL APPEAL; |
| ) | MEMORANDUM OF POINTS AND |
| FOREST LABORATORIES, INC. and ) | AUTHORITIES; DECLARATION OF |
| DOES 1 through 50,                         ) | STACY McKENZIE; AND [PROPOSED] |
| ) | ORDER |
| Defendants.              ) | |
| ) | Date: April 23, 2015 |
| ) | Time: 9:00 a.m. |
| ) | Courtroom 4 - 5th Floor |
| ) | 280 South 1st Street, San Jose, CA 95113 |
| ) | |
| ) | Trial Date: Not set |
| ) | |
| ) | |

1

Case No. 5:14-cv-01898 EJD
DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY PENDING OUTCOME
OF CRIMINAL APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES

TO PLAINTIFF AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on April 23, 2015, at 9:00 a.m., or as soon thereafter as counsel may be heard, in the Courtroom of Judge Edward J. Davila, in the above-entitled Court located at 280 South First Street, San Jose, California, defendant Forest Laboratories, Inc. (n/k/a Forest Laboratories, LLC) will move this Court to stay all proceedings in this case, pending the outcome of the appeal of plaintiff's criminal conviction.

Defendant requests that this Court stay all further proceedings and discovery in this matter pending the outcome of the appeal of plaintiff's criminal conviction. This Motion is supported by the attached Memorandum of Points and Authorities, the Declaration of Stacy A. McKenzie and the Exhibits thereto. A proposed Order is attached for the Court's convenience.

Dated: February 18, 2015                    HASSARD BONNINGTON LLP

By: /s/ *Joanna L. Storey*
Thomas M. Frieder, Esq.
Joanna L. Storey, Esq.
275 Battery Street, Suite 1600
San Francisco, CA 94111
(415) 288-9800 phone
(415) 288-9801 fax
tmf@hassard.com
jls@hassard.com

Jennifer Snyder Heis (admitted *pro hac vice*)
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio  45202-2409
(513) 698-5000 phone
(513) 698-5001 fax
jheis@ulmer.com

*Attorneys for Defendant*
*Forest Laboratories, Inc. (n/k/a Forest Laboratories, LLC)*

Case No. 5:14-cv-01898 EJD
DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY PENDING OUTCOME
OF CRIMINAL APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. ISSUES TO BE DECIDED ............................................................................................ 1

III. FACTUAL BACKGROUND .......................................................................................... 2

IV. LAW AND ARGUMENT ............................................................................................... 3

   A.   This Court Has Authority To Stay These Proceedings ......................................... 3

   B.   Affirmance of the Criminal Judgments Will Mean Plaintiff is Collaterally Estopped from Litigating the Issue of Liability for Her Husband's Stabbing ....................................................... 5

   C.   Whether Plaintiff Had An Irresistible Impulse at the Time of the Crime Is Irrelevant ...... 8

   D.   Public Policy Dictates that Plaintiff Cannot Profit From Her Crime ................................ 9

V. CONCLUSION ............................................................................................................. 10

I

Case No. 5:14-cv-01898 EJD
DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY PENDING OUTCOME OF CRIMINAL APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

**Cases**

*Am. Gen. Life Ins. Co. v. Jones*,
 No. CIV A 08-0211-WS-B, 2008 WL 4949847 (S.D. Ala. Nov. 13, 2008)............................. 4

*Bernhard v. Bank of America*,
 122 P.2d 892 (Cal. 1942) ................................................................................................. 5, 6

*Blonder-Tongue v. University Foundation*,
 402 U.S. 313 (1971) ............................................................................................................ 6

*Chambers v. Farnham*,
 39 Cal. App. 17 (2nd Dist. 1918) ........................................................................................ 5

*Clinton v. Jones,*
 520 U.S. 681 (1997) ............................................................................................................ 3

*Crown Cent. Petroleum Corp. v. Dep't of Energy,*
 102 F.R.D. 95 (D. Md.1984) ............................................................................................... 3

*Edelmann v. United States*,
 No. 4:07CV00633JLH, 2007 WL 4287825 (E.D. Ark. Dec. 6, 2007) ................................ 4

*Goodwin v. Anheuser-Busch Cos., Inc.*,
 2005 WL 280330 (Cal. Super. Ct. Jan. 28, 2005) ............................................................... 9

*In re Residential Capital, LLC*,
 501 B.R. 624 (S.D.N.Y. 2013) ............................................................................................ 5

*Ironbridge Corp. v. C.I.R.*,
 103 T.C.M. (CCH) 1843 (T.C. 2012) *aff'd,* 528 F. App'x 43 (2d Cir. 2013) .......................... 4

*Jacobs v. Fire Ins. Exchange*,
 36 Cal. App. 4th 1258 (Cal. Ct. App. 1995) ........................................................................ 8

II

Case No. 5:14-cv-01898 EJD
DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY PENDING OUTCOME
OF CRIMINAL APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES

*Keating v. Office of Thrift Supervision,*
   45 F.3d 322 (9th Cir. 1995) ............................................................................................... 4

*Kelly v. Echols,*
   Case No. CIV-F-05-118, 2008 WL 4163221, (E.D. Cal. Sept. 4, 2008) ................................... 9

*Landis v. N. Am. Co.,*
   299 U.S. 248 (1936) ............................................................................................................ 3

*Lee On v. Long,*
   234 P.2d 9 (Cal. 1951) ........................................................................................................ 9

*Leyva v. Certified Grocers of Cal., Ltd.,*
   593 F.2d 857 (9th Cir. 1979) ............................................................................................... 4

*Mutual Life Ins. Co. v. Armstrong,*
   117 U.S. 591 (1886) ............................................................................................................ 9

*Parklane Hosiery Co. v. Shore,*
    439 U.S. 322 (1979) ........................................................................................................... 6

*Sorrentino v. Barr Laboratories, Inc.,*
   397 F. Supp. 2d 418 (W.D.N.Y., 2005) ........................................................................... 7, 9

*Stone v. I.N.S.,*
   514 U.S. 386 (1995) ............................................................................................................ 3

*Teitelbaum Furs, Inc. v. Dominion Ins. Co., Ltd.,*
   375 P.2d 439 (Cal. 1962) .................................................................................................... 6

*Tirado v. Deboers,*
   No. 03-CV-5604 ARR LB, 2013 WL 1810746 (E.D.N.Y. Apr. 24, 2013) ............................. 4

*Unzueta v. Ocean View Sch. Dist.,*
   6 Cal. App. 4th 1689, 8 Cal. Rptr. 2d 614 (Cal. Ct. App. 1992) ............................................. 9

*Yarbrough v. Superior Court,*
   702 P.2d 583 (Cal. 1985) .................................................................................................... 6

III

**Statutes**

Cal. Penal Code § 25(b) .................................................................................................... 2

Civ. Code, § 3517 ............................................................................................................. 9

Insurance Code section 533 .............................................................................................. 8

**Other Authorities**

5C Wright & Miller, Federal Practice and Procedure § 1360 (3d ed. 2004) ................................... 4

IV

Case No. 5:14-cv-01898 EJD
DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY PENDING OUTCOME
OF CRIMINAL APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **INTRODUCTION**

Defendant Forest Laboratories, Inc. (n/k/a Forest Laboratories, LLC) ("Forest"), by and through counsel, moves this Court to stay all proceedings in this action pending the outcome of Laura J. Wenke's appeal of her criminal conviction for the premeditated attempted murder of Randall Wenke, her husband. In a subsequent phase of the trial, the jury determined that Ms. Wenke was legally sane at the time of the crime. Ms. Wenke has appealed those verdicts, and her appeal remains pending.

In this case, Ms. Wenke claims that her alleged use of Lexapro caused her to attack her husband, resulting in damages to Ms. Wenke. But California law prevents Ms. Wenke from transferring blame for her conduct to Forest.

Responsibility for her crime is an issue that already has been determined by the jury in the criminal case when they found that Ms. Wenke was guilty of premeditated attempted murder and was legally sane at the time. If the jury's verdict is affirmed on appeal, collateral estoppel (and other applicable law) will prevent the issue of who is responsible for Ms. Wenke's criminal conduct from being re-litigated here. Forest anticipates filing a motion to dismiss on the grounds of collateral estoppel. This Court set a deadline of February 20, 2015, for the filing of that motion, but collateral estoppel does not attach until the criminal conviction is final. Since affirmance on appeal will resolve this civil lawsuit in its entirety, Forest respectfully asks the Court to stay all further proceedings in this matter pending the outcome of the appeal. Such a stay will not prejudice any party, and it will avoid unnecessary, duplicative litigation.

II.  **ISSUES TO BE DECIDED**

In this Motion, Defendant asks this Court to stay all further proceedings, including all motion and discovery deadlines, pending the outcome of the appeal of plaintiff's criminal conviction, which may be outcome determinative of the issues raised here. For the reasons

1

Case No:  5:14-cv-01898-EJD DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY PENDING OUTCOME OF CRIMINAL APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES

explained below, this Court should stay further proceedings here pending the outcome of that appeal.

### III. FACTUAL BACKGROUND

On September 16, 2013, plaintiff filed her Complaint against Forest in the Superior Court of California, County of Santa Clara.  Plaintiff alleges her ingestion of Forest's antidepressant medication, Lexapro, caused her "to be in a bizarre, dissociated, and violence-prone state on September 15, 2011, during which she was out of touch with reality." (Complaint, ¶ 8.) Plaintiff further alleges that, "while in that psychological state, plaintiff unconsciously and/or unknowingly attacked and stabbed her husband with a knife, causing him serious injuries." (*Id.*) Plaintiff asserts product liability claims based on design defect, manufacturing defect, and failure to warn against Forest. (Complaint, ¶¶ 13-28.)  She seeks general damages, special damages, and costs. (Complaint, p. 6.)  On April 24, 2014, Forest removed the case to this Court.

Ms. Wenke was charged with premeditated attempted murder, among other crimes. (*See* Information, Declaration of Stacy McKenzie ("McKenzie Decl."), Ex. A.)  She pleaded not guilty by reason of insanity.  On June 3, 2014, Ms. Wenke was convicted of premeditated attempted murder, assault with a deadly weapon, assault with a stun gun, domestic violence, and inflicting great bodily injury. (Phase I Verdicts, McKenzie Decl., Ex. B.)  Following her conviction, a second phase of trial was held to determine whether Ms. Wenke was legally sane[1] at the time of the attack.

During that phase, the jury heard testimony from several experts concerning Ms. Wenke's mental state leading up to and during the attack. (*See, e.g.,* Transcript of Trial Testimony of George Wilkinson, M.D., McKenzie Decl., Ex. C; Transcript of Trial Testimony of James Missett, M.D., McKenzie Decl, Ex. D.)  Some of those experts testified that the

---

[1] Under California law, the criminal defense of insanity is met when a defendant proves, by a preponderance of the evidence, that he or she was "incapable of knowing or understanding the nature and quality of his or her act and of distinguishing right from wrong." Cal. Penal Code § 25(b).

2

Case No:  5:14-cv-01898-EJD DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY PENDING OUTCOME OF CRIMINAL APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES

medications Ms. Wenke was taking, including Lexapro, "exacerbated" Ms. Wenke's ability (or inability) to control her thinking and/or worsened her dissociative state and contributed to her being insane at the time of the attack. (*See, e.g.,* Wilkinson Testimony, McKenzie Decl., Ex. C, at 2045:17-2046:15; Missett Testimony, McKenzie Decl., Ex. D, at 1965:20-1971:26; 1981:23-1983:17.) The issue of whether Lexapro may have played a role in Ms. Wenke's mental state was specifically considered and rejected by the jury. (Phase II Verdicts, McKenzie Decl., Ex. E.) Ms. Wenke lodged an appeal on September 8, 2014, and the appeal remains pending. (Docket sheet from Appeal, McKenzie Decl., Ex. F.)

## IV. LAW AND ARGUMENT

### A. This Court Has Authority To Stay These Proceedings

The Supreme Court has "long recognized that courts have inherent power to stay proceedings and 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Stone v. I.N.S.,* 514 U.S. 386, 411 (1995) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)). This Court has broad discretion to manage its docket, including the ability to stay or adjourn a trial. A district court possesses inherent power to stay, *sua sponte,* an action before it. *Crown Cent. Petroleum Corp. v. Dep't of Energy,* 102 F.R.D. 95, 98-99 (D. Md.1984) (*citing Landis v. N. Am. Co.,* 299 U.S. 248, 254-255 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket...")); *see also Clinton v. Jones,* 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). In exercising its judgment, the court must weigh competing interests and consider the effects of the stay on the court's docket, on counsel, and on the litigants. *Landis,* 299 U.S. at 254-55.

As Wright & Miller explain, "[a] motion to stay . . . may be justified when a similar action is pending . . . . In these situations the court's objectives are to avoid conflicting opinions and to promote judicial efficiency." 5C Wright & Miller, Federal Practice and Procedure § 1360

3

(3d ed. 2004); *see also*, *Keating v. Office of Thrift Supervision,* 45 F.3d 322, 324–25 (9th Cir. 1995) (court has authority to stay a case where a party faces concurrent criminal charges); *Leyva v. Certified Grocers of Cal., Ltd*., 593 F.2d 857, 863-864 (9th Cir. 1979) (a district court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case"); *Ironbridge Corp. v. C.I.R.*, 103 T.C.M. (CCH) 1843 (T.C. 2012) *aff'd,* 528 F. App'x 43 (2d Cir. 2013) (stating that a stay may be appropriate "when it is possible to use the criminal judgment as a basis for collateral estoppel in a related civil case"); *Tirado v. Deboers*, No. 03-CV-5604 ARR LB, 2013 WL 1810746, *2 (E.D.N.Y. Apr. 24, 2013) (acknowledging stay was granted where conviction in a criminal proceeding could negate an essential element of plaintiff's civil case); *Am. Gen. Life Ins. Co. v. Jones*, No. CIV A 08-0211-WS-B, 2008 WL 4949847, *5 (S.D. Ala. Nov. 13, 2008) (granting stay of discovery in civil case pending the outcome of the criminal prosecution where a conviction may conclusively resolve civil case); *Edelmann v. United States*, No. 4:07CV00633JLH, 2007 WL 4287825, *1 (E.D. Ark. Dec. 6, 2007) (staying proceedings pending the outcome of criminal appeal involving plaintiff from which plaintiff's claims arose).

The decision whether to stay civil proceedings in the face of a related criminal proceeding should be made "in light of the particular circumstances and competing interests involved in the case." *Keating*, 45 F.3d at 324. Generally, the Court should generally consider the following factors: (1) the interest of the plaintiff in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiff of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendant; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation. *Id.* at 324-325. A consideration of these factors weighs in favor of staying the case.

The interests of judicial economy are served by staying the proceedings until after Ms. Wenke's criminal appeal is resolved. If the criminal verdicts are upheld, Ms. Wenke's claims in this lawsuit are barred by the doctrine of collateral estoppel. However, the criminal court's judgment does not have preclusive effect until the appeal is resolved. *See Chambers v. Farnham*, 39 Cal. App. 17, 21 (2nd Dist. 1918); *In re Residential Capital, LLC*, 501 B.R. 624, 637 (S.D.N.Y. 2013) (discussing preclusive effect of a California state court judgment).

Affirmance on appeal will obviate the need for discovery and the time and expense associated with retaining and developing experts.[2] Neither side should be forced to invest resources in a case that will lack any legal merit if plaintiff's criminal appeal fails. The Court's resources also would be conserved. There also is little to no prejudice to plaintiff in terms of delay. And as noted, her resources also are conserved by a stay.

Finally, the interests of the public and persons not parties to the litigation are served by a stay. As discussed below, California public policy is clear that a criminal may not profit from his/her crime. A stay will allow the parties to determine whether, like collateral estoppel, California public policy also bars plaintiff from recovering.

### B. Affirmance of the Criminal Judgments Will Mean Plaintiff is Collaterally Estopped from Litigating the Issue of Liability for Her Husband's Stabbing

Plaintiff admits in her Complaint that she stabbed her husband and caused him to suffer serious injuries. But she claims that Lexapro caused her violent behavior. (*See generally*, Complaint.) The doctrine of collateral estoppel bars Plaintiff from re-litigating the issue of liability for her crime in this civil action.

In *Bernhard v. Bank of America,* 122 P.2d 892 (Cal. 1942), the California Supreme Court held that a party will be collaterally estopped from re-litigating an issue if (1) the issue decided in a prior adjudication is identical with that presented in the action in question, (2) there was a final judgment on the merits, and (3) the party against whom collateral estoppel is asserted was a

---

[2] Under the current case management order, the parties must disclose experts on April 1, 2015.

party or in privity with a party to the prior adjudication. *See also Blonder-Tongue v. University Foundation,* 402 U.S. 313, 329 (1971).

Building upon the principles enunciated in *Bernhard*, the Supreme Court of California held in *Teitelbaum Furs, Inc. v. Dominion Ins. Co., Ltd.*, 375 P.2d 439 (Cal. 1962), that a party will be estopped from litigating an issue in a civil action where the issue had necessarily been determined by a prior criminal conviction so long as all three requirements set forth in *Bernhard* are met. *See also Yarbrough v. Superior Court,* 702 P.2d 583, 588 (Cal. 1985) ("In this case, the doctrine will preclude the relitigation of the issue of Yarbrough's state of mind at the time of the homicide as well as the theory of an accidental killing because of the alleged defectiveness of the weapon as the proximate cause of Cantrell's death—the main theory of the defense in the criminal action.") In *Parklane Hosiery Co. v. Shore,* 439 U.S. 322 (1979), the U.S. Supreme Court, noting that collateral estoppel furthers the dual purposes of protecting litigants from the burden of re-litigating issues and promoting judicial economy, held that federal courts have broad discretion to determine when to apply collateral estoppel.

In this case, two of the three *Bernhard* requirements already are met, and the third, finality of judgment, will be met if the criminal appeal results in an affirmance of the jury's verdicts. First, Ms. Wenke's criminal trial determined that Ms. Wenke is responsible for the attempted murder of her husband. They found both specific intent for attempted murder and found it to be premeditated. (*See* Verdict forms, McKenzie Decl., Ex. B.)

The jury also found that Ms. Wenke understood the nature and quality of her act and was capable of distinguishing right from wrong at the time of the attack when they found her to be legally sane. (*Id.*) Ms. Wenke presented evidence specifically claiming Lexapro had an effect on her mental state. (*See* Wilkinson Testimony, *supra.*) That claim was rejected by the jury.

Second, there is no question that Ms. Wenke was a party in both the criminal matter and in the present civil case and that she had every incentive to litigate both her innocence and her insanity defense during the criminal trial. Accordingly, if and when the criminal verdicts

become final, Ms. Wenke will be collaterally estopped from any argument that Lexapro caused her to stab her husband, because the criminal court already has found that she was guilty of premeditated attempted murder and that she was not insane.

Other courts have applied collateral estoppel to bar civil claims under similar circumstances. *Sorrentino v. Barr Laboratories, Inc.,* 397 F. Supp. 2d 418 (W.D.N.Y., 2005) is directly on point. In that case, Bernard Sorrentino filed suit against Barr Laboratories ("Barr") for the purported wrongful death of his wife, claiming that Barr's generic version of the antidepressant Prozac caused him to stab her to death. Mr. Sorrentino had been convicted of second degree murder for killing his wife. During the criminal trial, the jury expressly found that Mr. Sorrentino had not proved by a preponderance of the evidence that he had suffered from extreme emotional disturbance at the time of his wife's death. Barr moved for summary judgment, and the District Court granted it.

The court held, "collateral estoppel precludes plaintiff from litigating his product liability claim against Barr, since the relevant factual issues were fully litigated-adversely to plaintiff-at his criminal trial." *Id.* at 422. The court reasoned that, during his criminal trial, Mr. Sorrentino had a "great incentive to litigate" the issue of whether the antidepressant caused him to suffer from an extreme emotional disturbance and kill his wife. *Id.* The jury conclusively found that he was not under an emotional disturbance at the time of the murder. The plaintiff was therefore barred from "repackaging his unsuccessful criminal defense in the guise of a product liability claim." *Id.*

The same is true here. Ms. Wenke had a great incentive to attempt to prove during her criminal trial that Lexapro caused her violent actions. She tried to do that and failed. After hearing her evidence, including her expert's testimony on the alleged impact of Lexapro on her mental state, the jury rejected her insanity plea and found that she was not "out of touch with reality," as she claims in her Complaint against Forest. Like Mr. Sorrentino, Ms. Wenke should

7

Case No: 5:14-cv-01898-EJD DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY PENDING OUTCOME OF CRIMINAL APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES

not be permitted to "repackage" her unsuccessful criminal defense in "the guise of a product liability claim."

### C. Whether Plaintiff Had An Irresistible Impulse at the Time of the Crime Is Irrelevant

During the initial meet and confer process about this case, plaintiff's counsel claimed that collateral estoppel would not bar Ms. Wenke's claims because the jury did not consider whether Ms. Wenke suffered from an irresistible impulse at the time of the attempted murder. But that is incorrect, both factually and legally.

Here, the jury found, after review of all the evidence, that Ms. Wenke was capable of forming the specific intent required to attempt murder, and that it was premeditated.[3] Premeditation is irreconcilable with any claim of acting based on an irresistible impulse and, as a result, the criminal jury already has rejected any such claim.

In addition, California does not recognize diminished capacity or irresistible impulse, even in a civil context, under circumstances like those present here. An irresistible impulse does not negate a "willful act." *See Jacobs v. Fire Ins. Exchange*, 36 Cal. App. 4th 1258, 1287 (Cal. Ct. App. 1995). In *Jacobs*, a gunshot victim sought to recover for her injuries under the shooter's homeowners' policy, which excluded coverage for willful acts. *Id.* On appeal, the sole issue was whether an irresistible impulse constituted a basis for a finding of insanity under Insurance Code section 533. *Id.* at 1270. After an extended discussion about the difficulties with "irresistible impulse" evidence, the court affirmed the trial court decision that an irresistible impulse does not negate one's willful act. *Id.*

Similarly, suicide, though argued to be an act committed under an irresistible impulse, has been held to be a superseding cause, or a willful and independent act that breaks the chain of causation, where the act was premeditated. *See Kelly v. Echols*, Case No. CIV-F-05-118, 2008

---

[3] The case garnered a fair amount of publicity as Ms. Wenke wrapped herself in a protective layer of bubble wrap before attacking her estranged husband with a Taser and knife. She had prepared a "to do" list of items associated with her attack that was recovered by police from her purse.

8

Case No: 5:14-cv-01898-EJD DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY PENDING OUTCOME OF CRIMINAL APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES

WL 4163221 *9 (E.D. Cal. Sept. 4, 2008). Here, the jury specifically rejected Ms. Wenke's argument that she was insane and specifically found her acts to be premeditated.

Ms. Wenke simply cannot escape the jury's finding that she did not understand the nature of her attempt to murder her husband, unless it is overturned on appeal. Absent that, her claims against Forest will have no legal merit and should be dismissed.

### D. Public Policy Dictates that Plaintiff Cannot Profit From Her Crime

"No one can take advantage of his own wrong." Civ. Code, § 3517.

Even if plaintiff is not collaterally estopped from litigating the claims contained in her Complaint, the Court still should dismiss plaintiff's claims against Forest on public policy grounds if the jury's findings in the criminal case are upheld on appeal. It is undisputed that a criminal may not profit from his crime. *See, e.g.*, *Mutual Life Ins. Co. v. Armstrong*, 117 U.S. 591, 600 (1886) (beneficiary who murdered insured cannot collect life insurance proceeds). Generally, the courts will not assist those whose suits are based on their own illegal conduct. *See, e.g., Lee On v. Long,* 234 P.2d 9 (Cal. 1951); (plaintiff not allowed to recover money seized during illegal gambling); *Goodwin v. Anheuser-Busch Cos., Inc.*, 2005 WL 280330 (Cal. Super. Ct. Jan. 28, 2005) (underage plaintiffs cannot recover cost of alcoholic beverages they purchased illegally); *Unzueta v. Ocean View Sch. Dist.*, 6 Cal. App. 4th 1689, 1699, 8 Cal. Rptr. 2d 614, 620 (Cal. Ct. App. 1992) (suspended teacher should not profit from arrest for cocaine possession). *See also Sorrentino,* 397 F. Supp. 2d at 423 ("Plaintiff states that, in his belief, 'there were two victims that night of the murder, my wife and myself.' That may be his sincere belief, but a criminal jury found otherwise. Under New York public policy, therefore, this action must be dismissed.")

Ms. Wenke committed multiple crimes when she repeatedly stabbed her husband on September 15, 2011. A jury convicted her of attempted murder and other charges. The same jury further concluded that Ms. Wenke was not insane when she attacked her husband. Now, she has filed suit against Forest and demanded monetary damages she allegedly suffered as a result

9

of the stabbing incident.  She should not be permitted to profit by her own wrong – attempted murder.

In light of the jury's verdict in the criminal matter, assuming it is upheld on appeal, Ms. Wenke has no legitimate claim that anyone, other than herself, is responsible for the stabbing of her husband.  Plaintiff's attempt to hold Forest liable for her crime violates fundamental California law that a person may not profit from her own wrong.  Statutory law, case law, and public policy do not allow such a result.

V. **CONCLUSION**

The outcome of plaintiff's criminal appeal may be dispositive of this case.  If plaintiff does not prevail on her appeal and have her convictions overturned, her claims against Forest will be barred.  Neither the Court nor the parties should be forced to devote further resources to this matter under these circumstances.  As a result, Forest respectfully requests that this Court stay further proceedings in this civil matter pending the outcome of the criminal appellate proceedings.

Respectfully submitted,

Dated: February 18, 2015              HASSARD BONNINGTON LLP


By:  /s/ *Joanna L. Storey*
Thomas M. Frieder, Esq.
Joanna L. Storey, Esq.
275 Battery Street, Suite 1600
San Francisco, CA 94111
(415) 288-9800 phone
(415) 288-9801 fax
tmf@hassard.com
jls@hassard.com

Jennifer Snyder Heis (admitted *pro hac vice*)
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio  45202-2409
(513) 698-5000 phone
(513) 698-5001 fax

10

Case No:  5:14-cv-01898-EJD DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY PENDING OUTCOME OF CRIMINAL APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES

jheis@ulmer.com

*__Attorneys for Defendant
Forest Laboratories, Inc. (n/k/a Forest
Laboratories, LLC)__*

Case No:  5:14-cv-01898-EJD DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY PENDING OUTCOME OF CRIMINAL APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES

# PROOF OF SERVICE

Case Name:   LAURA WENKE vs. FOREST LABORATORIES, INC. et al.

Court:   United States District Court, Northern District of California

Case No.:   5:14-cv-01898 EJD

1. At the time of service I was over 18 years of age and not a party to this action.

2. My business address is 275 Battery Street, Suite 1600, San Francisco, CA 94111.

3. On **February 18, 2015** I served the following documents:

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO STAY PENDING OUTCOME OF CRIMINAL APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF STACY McKENZIE; AND [PROPOSED] ORDER**

4. I served the documents on the **persons** below as follows:

Michael E. Adams, Esq.
LAW OFFICES OF MICHAEL E. ADAMS
702 Marshall Street, Suite 300
Redwood City, CA 94063
Phone: (650) 599-9463
Fax: (650) 599-9785
*Attorneys for Plaintiff*

5. The documents were served by the following means (specify):

    __x__   **By electronic filing.** I served the documents by electronic transmission via the internet for uploading onto the District Court website/docket.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date:   **February 18, 2015**

*/s/ Esther Hom*
Esther Hom

-1-

PROOF OF SERVICE