UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LAURA WENKE,<br><br>    Plaintiff,<br><br>    v.<br><br>FOREST LABORATORIES, INC.,<br><br>    Defendant. | Case No.  5:14-cv-01898-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY**<br><br>Re: Dkt. No. 29 |

On May 8, 2012, Plaintiff Laura Wenke ("Plaintiff") was charged by Information in San Mateo County Superior Court with the attempted premediated murder of her husband, Randall Wenke. A jury found her guilty on June 3, 2014. The jury also found that Plaintiff was legally sane at the time she committed the crime. Plaintiff has appealed from these verdicts.

Prior to the conviction, Plaintiff initiated the instant products liability action against Defendant Forest Laboratories, Inc. ("Defendant") alleging that her ingestion of Lexapro, a medication prescribed to treat depression and anxiety, caused her to be in a "bizarre, dissociated, and violence-prone psychological state" on the date of the assault, and that she "unconsciously and/or unknowingly" stabbed Randall Wenke with a knife.

Presently before the court is Defendant's motion to stay this action pending the outcome of Plaintiff's criminal appeal. See Docket Item No. 29. Plaintiff opposes the motion. See Docket Item No. 34.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1332. This matter is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for April 23, 2015, is VACATED. Having carefully considered the pleadings filed by

1

Case No.: 5:14-cv-01898-EJD
ORDER GRANTING DEFENDANT'S MOTION TO STAY

the parties, the court finds, concludes and orders as follows:

1. The district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Using this power, one case may be stayed in favor of another. Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1997) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.").

2. "The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.'" Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995) (quoting Federal Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989)). The court must consider the extent to which the a criminal defendant's Fifth Amendment rights are implicated by the civil proceeding, as well as the following factors: "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." Id. at 324-25.

3. Defendant argues that the relevant Keating factors weigh in favor of a stay. In particular, Defendant points out that awaiting the final resolution of the criminal appeal efficiently preserves judicial resources because Plaintiff's instant claims will be precluded by collateral estoppel if the verdicts are affirmed. Such a result would also obviate the time and expense

associated with discovery and expert development, which is beneficial to both sides.  In addition, Defendant contends that a stay serves the public interest since Plaintiff should not be permitted to benefit from her crime, should the California appellate courts ultimately affirm the verdicts.

4. In opposition, Plaintiff argues that the resolution of the criminal appeal will not have a preclusive effect on the civil claims.  According to Plaintiff, the jury did not decide an issue she intends to present in this case: specifically, whether her conduct was caused by a Lexapro-induced "irresistible impulse" to attack her husband.

5. Since this is a diversity action, this court applies the California rules of issue preclusion.  See Jacobs v. CBS Broadcasting, Inc., 291 F.3d 1173, 1177 (9th Cir. 2002).  "In general, collateral estoppel precludes a party from relitigating issues litigated and decided in a prior proceeding." Gikas v. Zolin, 6 Cal. 4th 841, 848 (1993).  The doctrine can be asserted in a civil action as to issues resolved by a related criminal action (Teitelbaum Furs, Inc. v. Dominion Ins. Co., Ltd., 58 Cal. 2d 601, 603 (1962)), assuming the presence of certain factors:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding.  Second, this issue must have been actually litigated in the former proceeding.  Third, it must have been necessarily decided in the former proceeding.  Fourth, the decision in the former proceeding must be final and on the merits.  Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

Gikas, 6 Cal. 4th at 849 (citing Lucido v. Super. Ct., 51 Cal. 3d 335, 341 (1990)).

6. Applying the elements of collateral estoppel here, the court agrees with Defendant that the outcome of the criminal appeal could have a significant, and potentially dispositive, impact on this case.  Indeed, in finding Plaintiff guilty of committing attempted murder at a time when she was sane, the jury answered the question - common to both this case and the criminal case - of whether Plaintiff was legally responsible for the crime.  In addition, there can be no dispute that the issue of responsibility was actually litigated and decided against Plaintiff, considering it was the ultimate question presented to the jury.  Accordingly, if the verdict is affirmed, it appears for the purposes of this motion that application of collateral estoppel may bar

Plaintiff from maintaining the claims asserted in this case which arise from her allegation that something else is responsible for her assault on Randall Wenke, namely Defendant's defective design and manufacture of Lexapro, and well as the insufficient warnings about the drug's use.

7. Plaintiff's contrary argument is unpersuasive since it appears, based on the record presented for this motion, that the question of whether Plaintiff acted under an irresistible impulse caused by her ingestion of Lexapro was implicitly determined through the criminal trial. As noted, the jury affirmatively found that Plaintiff committed the act of attempted murder willfully, deliberately and with premeditation. "'[P]remeditation' encompasses the idea that a defendant thought about or considered the act beforehand." People v. Pearson, 56 Cal. 4th 393, 443 (2013). Put another way, a criminal act "is premeditated and deliberate if it occurred as the result of preexisting thought and reflection rather than unconsidered or rash impulse." People v. Stitely, 35 Cal. 4th 514, 543 (2005). Such a finding cannot be reconciled with the definition of "irresistible impulse," which is "the volitional incapacity to control one's conduct despite cognitive capacity." Jacobs v. Fire Ins. Exch., 36 Cal. App. 4th 1258, 1270 (1995). An act done with contemplation and reflection beforehand cannot also be one committed out of an uncontrollable compulsion. See Kelly v. Echols, No. CIV-F-05-118, 2008 U.S. Dist. LEXIS 79801, at *33, 2008 WL 4163221 (E.D. Cal. Sept. 4, 2008) (holding that evidence showing that a voluntary suicide was "performed with a full understanding and realization of the physical character, nature, quality, risk and consequences of the act" does not support "some form of irresistible impulse or compulsion.").

8. Based on the foregoing, the court finds that a stay of this action in favor of the pending state criminal appeal is warranted. Since a final determination of Plaintiff's responsibility for the crime could be determinative of the civil claims asserted here, there is a potential for both parties to save significant time and expense. Furthermore, a stay will not be burdensome to Plaintiff since there is no indication that her civil claims are urgent, while permitting this case to proceed in light of Plaintiff's conviction could be considerably burdensome on Defendant. Moreover, awaiting the outcome of the appeal before proceeding here efficiently conserves judicial resources and satisfies the public interest.

1    Accordingly, Defendant's Motion to Stay (Docket Item No. 29) is GRANTED.  This
2    action is STAYED in its entirety pending final exhaustion of the currently-pending appeal of
3    Plaintiff's criminal conviction, including any proceedings that may occur before the California
4    Supreme Court.  The clerk shall ADMINISTRATIVELY CLOSE this file.
5    So that the ongoing appropriateness of the stay can be monitored, Plaintiff and Defendant
6    shall submit a brief Joint Status Report which apprises the court of the status of the appeal on
7    October 19, 2015, and continuing every six months thereafter.  Furthermore, within 10 days of a
8    final resolution of the appeal, the parties shall file a Joint Notice informing the court of such
9    development and shall request that this matter be reopened and that a Case Management
10   Conference be scheduled.
11   The hearing scheduled for April 23, 2015, is VACATED.

**IT IS SO ORDERED.**

Dated:  April 21, 2015

EDWARD J. DAVILA
United States District Judge